UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL MAXWELL,<br><br>             Plaintiff,<br><br>     v.<br><br>UNION FIDELITY MORTGAGE, INC., ERIN REILLY, RANDOLPH MARTIN, MORTGAGEIT, INC., AND DOES 1-20, INCLUSIVE,<br><br>             Defendants. | 1:08-cv-001329 OWW SMS<br><br>MEMORANDUM DECISION AND ORDER ON DEFENDANT MORTGAGEIT, INC.'S MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE (DOCS. 9 AND 10) |

## I. INTRODUCTION.

Plaintiff Samuel Maxwell's ("Maxwell") complaint arises out of a home mortgage refinance transaction he contends he entered into with Defendants Union Fidelity Mortgage, Inc., Erin Reilly, and Randolph Martin ("Union Defendants") in June 2007 for approximately $358,000. The loan was subsequently purchased by Defendant MortgageIT, Inc. ("MortgageIT"). Plaintiff alleges Defendants failed to disclose and knowingly misrepresented key terms of the loan, including the interest rate and finance charges, in violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and California's unfair

1

competition law ("UCL"), codified at California Business and Professions Code § 17200 et seq.  He also alleges state common law supplemental claims solely against the Union Defendants: breach of fiduciary duty, fraud, and financial abuse of an elder.

Before the court for decision are Defendant MortgageIT's motion to dismiss, motion for a more definite statement, and motion to strike.  Defendant moves to dismiss Plaintiff's TILA claim pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the complaint contains only general allegations that are insufficient to state a TILA violation.  In the alternative, Defendant moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Defendant also moves to dismiss the UCL claim pursuant to Fed. R. Civ. P. 12(b)(6).  Finally, MortgageIT moves to strike Plaintiff's TILA claim for rescission pursuant to Fed. R. Civ. P. 12(f) on the ground that Plaintiff has failed to first notify the lender of his intent to rescind as required under the TILA.

## II. FACTUAL AND PROCEDURAL BACKGROUND.

In June 2007, Plaintiff entered into a written loan contract with Union Fidelity Mortgage, Inc. for $358,000 secured by Plaintiff's home in Fresno, California.  Plaintiff alleges the Union Defendants failed to make disclosures required under the TILA, failed to provide Plaintiff with copies of the required disclosures, and misrepresented the terms of the loan, including the interest rate, finance charges, and total amount financed. Plaintiff asserts that the Union Defendants falsely represented that the loan would be in his best interests, that the payments would be affordable for him, and that he would be better off

2

financially as a result.  Instead, Plaintiff contends the loan caused him financial detriment and was beyond his ability to pay, putting him in danger of losing his house and causing him considerable emotional distress.

Plaintiff filed his complaint in the Superior Court of California, County of Fresno, on May 6, 2008.  (Doc. 5-2.) Defendant MortgageIT was served on August 5, 2008 and removed the action to federal court on September 5, 2008.  (Doc. 5.)  On September 11, 2008, Defendant MortgageIT filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e), and a motion to strike pursuant to Fed. R. Civ. P. 12(f).  (Docs. 9 & 10.)  Plaintiff filed oppositions to all the motions on November 7, 2008.  (Docs. 13 & 14.)  MortgageIT filed its reply briefs on November 17, 2008.  (Docs. 15 & 16.)

### III. LEGAL STANDARD.

**A.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, it is required to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550

3

U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); *see also Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (issue is not whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support the claim). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In deciding a motion to dismiss, the court accepts as true all material factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002).

The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). For example, matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies, *see Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), while conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."). Allegations in the complaint may be disregarded if contradicted by facts established by

4

exhibits attached to the complaint.  *Sprewell*, 266 F.3d at 988. Thus when ruling on a motion to dismiss, the court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court may take judicial notice.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1988).

B.   <u>Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)</u>.

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

A Rule 12(e) motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a) in federal court.  *See Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994)) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.").  Under the liberal pleading standards, "pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim." *A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D. Ariz.

5

1989).

A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal. 1981); *Boxall v. Sequoia Union High Sch. Dist.*, 464 F.Supp. 1104, 1114 (N.D. Cal. 1979). The motion must be denied if the complaint is specific enough to notify defendant of the substance of the claim being asserted. *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F.Supp. 790, 804 (C.D. Cal. 1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her."). The motion should be denied if the detail sought by a motion for more definite statement is obtainable through discovery. *Davison v. Santa Barbara High Sch. Dist.*, 48 F.Supp.2d 1225, 1228 (C.D. Cal. 1998).

C.   <u>Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)</u>.

Rule 12(f) provides that "redundant, immaterial, impertinent, or scandalous matter" may be stricken from any pleading. Fed. R. Civ. P. 12(f). A motion to strike is limited to pleadings. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are disfavored and infrequently granted. *Pease & Curren Refining, Inc. v. Spectrolab, Inc.*, 744 F.Supp. 945, 947 (C.D. Cal. 1990),

*abrogated on other grounds by Stanton Road Assocs. v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993). Such motions should be granted only where it can be shown that none of the evidence in support of the allegation is admissible. *Id.*

### IV. DISCUSSION.

**A. Motion to Dismiss the TILA Claim, Or Alternatively, Motion for a More Definite Statement.**

**1. Overview of the TILA**

The purpose of the TILA is to protect consumers by providing them with accurate information when they shop for credit. *See Anderson Bros. Ford v. Valencia,* 452 U.S. 205, 219-20 (1981). Specifically, the TILA was enacted to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The Act requires creditors to make "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412 (1998). If the creditor fails to do so, it can be held liable for criminal penalties, *see* 15 U.S.C. § 1611, and statutory and actual damages (including a statutory penalty of twice the finance charge), *see* 15 U.S.C. § 1640(a). *Beach,* 523 U.S. at 412. For certain loan transactions - those involving security interests in a debtor's primary residence - the debtor can also demand that the creditor rescind the mortgage if certain

material disclosures are not made.  *See* 15 U.S.C. § 1635(a).

The TILA "reflects a transition in congressional policy from a philosophy of 'Let the buyer beware' to one of 'Let the seller disclose.'"  *Mourning v. Family Publications Serv., Inc.,* 411 U.S. 356, 377 (1973).  Congress "delegated expansive authority to the Federal Reserve Board to elaborate and expand the legal framework governing commerce in credit" and the Board has exercised its authority by promulgating Regulation Z, set forth at 12 C.F.R. § 226 et seq.  *Ford Motor Credit Co. v. Milhollin,* 444 U.S 555, 559-60 (1980).

2.   **Plaintiff's TILA Allegations**

Defendant argues that the complaint contains only general allegations with respect to the TILA claim and that it fails to identify the specific disclosures Defendants failed to make or explain how Defendants' conduct violated the TILA.

In his complaint, Plaintiff alleges that the Union Defendants told him he would receive an interest rate of 1% for five years, that the loan would save him $12,900 per year, and that the loan was affordable for him.  (Doc. 5-2, Complaint at ¶10.)  He asserts that the loan "included charges that were not disclosed to Plaintiff, had an interest rate significantly higher than the rate which he was promised, was and is actually beyond Plaintiff's means to pay, which was hidden from him by their misleading statements and misrepresentations as to the amounts he would need to pay under the loan."  (*Id*. at ¶11.)  He also asserts that MortgageIT purchased the loan while the deficiencies and falsity of the "disclosures were readily apparent on the face

of the loan documents." (*Id.* at ¶12.)

In his First Cause of Action, Plaintiff alleges:

> Defendants violated the provisions of the Federal Truth in Lending Act and Regulation Z under that Act in relation to the above described transaction by failing to make required disclosures, including but not limited to disclosures related to the finance charges, charging excessive fees, entering into the contract without a good faith belief that Plaintiff could make the required payments, and Defendants also violated the Federal Truth in Lending Act and Regulation Z by failing to provide Plaintiff with copies of the required disclosures and committing other acts according to proof. Said violations are apparent on the face of the loan documents. Among other things, the truth in lending disclosure statement stated that the interest rate was only 2.321% and that the total finance charges would be less than $190,000.00. In reality, the interest rate on the loan was approximately 9.9% and the finance charges to be paid are actually several hundred thousand dollars more than the amount disclosed.

(Doc. 5-2, Complaint at ¶16.)

Under the TILA, the material terms that must be disclosed by the creditor include the finance charge, the annual percentage rate, the amount financed, an itemization of the amount financed, the total payments, among others. 15 U.S.C. § 1638(a); 12 C.F.R. § 226.18. Regulation Z requires that these disclosures must properly "reflect the terms of the legal obligation between the parties." 12 C.F.R. § 226.17(c)(1). In other words, TILA disclosures must be accurate. *Beach,* 523 U.S. at 412 ("Accordingly, the [Truth in Lending] Act requires creditors to provide borrowers with *clear and accurate disclosures* of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights.")(emphasis added); *see Goldman v. First Nat'l Bank of Chicago*, 532 F.2d 10, 22 (7th Cir.

1976) ("Congress clearly sought to compel accurate disclosure..."); *In re Cox*, 114 B.R. 165, 168 (Bankr. C.D. Ill. 1990) ("A meaningful disclosure cannot be one which is inaccurate.").

Plaintiff has alleged that the interest rate listed in the truth in lending disclosure statement was inaccurate, as was the finance charge total.  He asserts that the interest rate and finance charges he actually incurred under the loan were much higher than those listed in the disclosure statement.  In addition, Plaintiff contends the Defendants inaccurately disclosed the total payment amount due under the loan.  He also claims other charges were not disclosed to him and that Union failed to provide him copies of the required disclosures as mandated by the TILA.

Federal Rule of Civil Procedure 8(a) requires that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief.  Under this rule, a pleading must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  MortgageIT argues that Plaintiff's complaint fails to include specific allegations and descriptions as to Defendants' allegedly unlawful acts, but the law does not require that TILA claims be stated with particularity.  A review of Ninth Circuit authority did not reveal any caselaw imposing the specificity requirements of Fed. R. Civ. P. 9(b) with respect to TILA claims.

Allegations of inaccurate disclosures under the TILA are

sufficient to survive a motion to dismiss.  *See Staley v. Americorp Credit Corp.*, 164 F.Supp.2d 578, 583 (D. Md. 2001) (allegations of inaccurate finance charges and APR sufficient to state a claim for relief); *Swanagan v. Al Piemonte Ford Sales, Inc.*, No. 94 C 4070, 1995 WL 493480, at *4 (N.D. Ill. August 15, 1995).  Plaintiff has alleged the disclosures with respect to finance charges, total payment amount, and interest rate were inaccurate, and that the proper notices were not provided to him by the lender.  He details the specific percentage rate that was disclosed to him and what he alleges was the actual effective rate.  Plaintiff's allegations give fair notice to Defendants of his claim and provide sufficient detail to allow Defendants to respond to the claim.  Moreover, the facts as alleged are not "so vague or ambiguous that the party cannot reasonably prepare a response."  *See* Fed. R. Civ. P. 12(e).  If Plaintiff has additional claims under the TILA and fails to disclose them in discovery, they will be barred.

Accordingly, Defendant's motion to dismiss the TILA claim is DENIED.  Defendant's motion for a more definite statement is also DENIED.

B.   <u>Motion to Dismiss the UCL Claim</u>.

The UCL prohibits "unfair competition," which is defined as including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [California's false advertising law]."  Cal. Bus. & Prof. Code § 17200.  The purpose of the UCL is "to

protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002). The scope of the UCL is broad. The UCL covers "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). It "borrows" violations from other laws by making them independently actionable as unfair competitive practices. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003). Additionally, "a practice may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech*, 20 Cal.4th at 180. Because the UCL "is written in the disjunctive, it establishes three varieties of unfair competition - acts or practices which are unlawful, or unfair, or fraudulent." *Id*. The state legislature "intended by this sweeping language to permit tribunals to enjoin on-going wrongful business conduct in whatever context such activity might occur." *Barquis v. Merchants Collection Ass'n*, 7 Cal.3d 94, 111 (1972).

Plaintiff states in his complaint that the "actions alleged herein undertaken by defendants constituted unlawful, unfair and fraudulent business acts or practices and portions of that conduct was based on unfair, deceptive and misleading advertising and/or promotional materials." (Doc. 5-2, Complaint at ¶38.) First, Defendant argues that Plaintiff's failure to plead his UCL claim with reasonable particularity supports dismissal of the claim, citing *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612 (1993). In *Khoury*, a California appeals court

upheld dismissal of a UCL claim where the complaint failed "to describe with any reasonable particularity the facts supporting violation." 14 Cal.App.4th at 619. The complaint summarily alleged, "Defendants breached this statute by refusing to sell [products] to plaintiff, for the purpose of ruining and interfering with his beauty and supply business, with the effect of misleading plaintiff's customers." *Id*. The appeals court reasoned that the facts asserted did not "explain the manner of misleading appellant's customers. The complaint does not describe the manner in which respondent's practice is 'unlawful.'" *Id*. (citations omitted).

The instant complaint is unlike that dismissed in *Khoury*. Plaintiff explains the manner in which he was allegedly misled, stating that the interest rate, finance charges, and other charges under the loan were misrepresented to him and inaccurately disclosed. Moreover, he asserts that Defendants' actions and practices were unlawful under TILA and state common law. Plaintiff's UCL claim is sufficiently detailed that dismissal is not proper on this ground.

Next, Defendant argues that because Plaintiff's factual allegations are insufficient to state a TILA claim, the UCL claim also fails because it is a derivative claim that requires violation of some other law. Because the TILA claim should be dismissed, according to Defendant, the UCL claim should also be dismissed. As an initial matter, Defendant's position ignores the other common law claims Plaintiff alleges, which are not the subject of the motion to dismiss. Even if the TILA claim did not

13

survive, these remaining claims could form the basis of a derivative UCL claim and thus dismissal on this ground is premature.  Moreover, as detailed above, Plaintiff's allegations that Defendants made inaccurate disclosures under the TILA are sufficient to state a claim for relief under the TILA. Accordingly, Plaintiff's TILA claim and state common law claims for breach of fiduciary duty, fraud, and financial abuse of an elder allege unlawful practices which form the predicate for a UCL claim.  Defendant's motion to dismiss Plaintiff's UCL claim is DENIED.

C.   <u>Motion to Strike</u>.

To seek rescission under the TILA, a plaintiff must notify the creditor of his or her intent to rescind in writing and provide the creditor an opportunity to respond prior to filing a lawsuit.  The TILA notice requirements provide:

> [t]he obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section...Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. §§ 1635(a)-(b).  The TILA's implementing regulations

specify how a plaintiff gives notice:

> To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

12 C.F.R. § 226.23(a)(2).

The First Circuit succinctly summarized the rescission process:

> The rescission process is intended to be private, with the creditor and debtor working out the logistics of a given rescission. Not all debtors who suspect (or know) that they have been subjected to a TILA violation will choose to rescind, in large part because rescission entails the return of loan proceeds to the creditor. If, however, a debtor elects to rescind, the mechanics of rescission are uncomplicated: the debtor notifies the creditor in writing of his or her desire to rescind, and the creditor must respond to that election within twenty days. During this response period, the creditor may comply with the request, resist rescission entirely, or agree to rescission while seeking equitable modifications. Should disagreements ensue or problems arise, either party may repair to a federal court.

*McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 421-422 (1st Cir. 2007).

Plaintiff alleges as to his rescission claim in the First Cause of Action: "In addition, Plaintiff is entitled to rescind the loan transaction if he so opts." (Doc. 5-2, Complaint at ¶19.) In his prayer for relief as to the TILA claim, he prays "[f]or a judicial declaration that the loan transaction is rescinded if Plaintiff so opts." (*Id.* at page 9, line 27.)

Defendant argues this language should be stricken from the

15

complaint because Plaintiff has not notified the creditor of his intent to rescind as required under the TILA.  Plaintiff does not dispute this lack of notice.  Instead, he asserts, "Plaintiff is not seeking rescission at this time, but, as alleged, he is entitled to do so."  (Doc. 14, Opposition at 2.)  The TILA provides a three-year window "after the date of consummation of the transaction" for a consumer to exercise the right to rescind.  15 U.S.C. § 1635(f).  Plaintiff argues that the rescission claim should not be stricken as he is within this three-year window and may choose to seek rescission at some future date.

Plaintiff cannot set forth a "tentative claim" for rescission under the TILA, which requires formal notice, to retain an "option" to seek rescission at some undetermined date in the future.  Should Plaintiff decide to seek rescission, he may seek leave to file an amended complaint.  Because Plaintiff states that he does not seek rescission under the TILA at this time, the language in his complaint related to rescission is "immaterial" and is properly stricken.

Defendant's motion to strike is GRANTED.  Plaintiff's claim for rescission under the TILA set forth in his complaint at Paragraph 19 and Page 9, Line 27 is STRICKEN.

### V. CONCLUSION.

For the foregoing reasons, Defendant MortgageIT's:

1) motion to dismiss Plaintiff's TILA and UCL claims is DENIED;

2) motion for a more definite statement is DENIED;

16

**3) motion to strike is GRANTED.**

IT IS SO ORDERED.

**Dated:   February 18, 2009**                    /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE