UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL MAXWELL,<br><br>         Plaintiff,<br><br>    v.<br><br>MORTGAGEIT, INC., *et al.*,<br><br>         Defendants. | 1:08-CV-01329 OWW SKO<br><br>MEMORANDUM DECISION RE MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT (DOC. 39) |

## I. INTRODUCTION

Plaintiff Samuel Maxwell's complaint arises out of a home mortgage refinance transaction he entered into with Defendants Union Fidelity Mortgage, Inc., Erin Reilly, and Randolph Martin ("Union Defendants") in June 2007 for approximately $358,000. The loan was subsequently purchased by Defendant MortgageIT, Inc. ("MortgageIT").

Plaintiff alleges Defendants failed to disclose and knowingly misrepresented key terms of the loan, including the interest rate and finance charges, in violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and California's unfair competition law ("UCL"), codified at California Business and Professions Code § 17200 *et seq.*

1

MortgageIT's previous motion to dismiss the TILA and UCL claims was denied.  Doc. 22, filed Feb. 19 2009.

Subsequently, Plaintiff and MortgageIT entered into an arms-length agreement for the settlement of all claims and disputes involving MortgageIT, whereby MortgageIT will be dismissed with prejudice from the action in exchange for a payment of $15,000.00

Before the court for decision is MortgageIT's motion for determination of good faith settlement pursuant to California Code of Civil Procedure 877.6(a)(2).  Doc. 39-2.

## II. LEGAL STANDARD

California Code of Civil Procedure Section 877.6 provides that if a party is sued as a joint tortfeasor or co-obligor and subsequently settles the litigation, it may bring a motion for determination of the good faith of the settlement.  Federal courts may enter such determinations.  *FSLIC v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

In *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488 (1985), the California Supreme Court articulated a liberal standard for determining good faith, requiring only that "a defendant's settlement figure must not be so grossly disproportionate to what a reasonable person, at the time of settlement, would estimate the settling defendant's liability to be."  *Id*. at 499.  "Any settlement that is not 'out of the ballpark' will pass muster."  *Id*.  Although there is no precise

2

formula, courts look to a variety of factors to determine what is "in the ballpark," including:

> (1) a rough approximation of the plaintiff's probable total recoveries;
>
> (2) a rough approximation of the settling defendant's proportional liability;
>
> (3) the amount paid in settlement;
>
> (4) the recognition that less is paid in settlement than should be awarded at trial;
>
> (5) the financial condition of the settling defendant;
>
> (6) the insurance policy limits of the settling defendant;
>
> (7) the existence of collusion, fraud or tortious misconduct intended to injure the interests of the other defendants.

*Id*. at 488.

### III. ANALYSIS.

**A.   The Request for Determination of Good Faith Settlement.**

Here, only two of the five causes of action alleged in the complaint are against MortgageIT: (1) Violation of TILA, and (2) Unfair Business Practices.  MortgageIT asserts that Plaintiff's claims against it are speculative and flawed.

As to the TILA Claims, TILA sets forth lenders' disclosure obligations; it does not directly govern the substance of mortgage loan transactions. *See* 15 U.S.C. § 1601 *et seq*.  As a result, Plaintiff's allegations that the fees charged by Union Fidelity, the originator of the subject loan, were excessive or that it should not have made the subject loan are not governed by

3

TILA.

As to Plaintiff's remaining disclosure-related TILA allegations, MortgageIT asserts that the evidence produced during discovery so far indicates that Union Fidelity provided Plaintiff with accurate TILA disclosures and that Plaintiff acknowledged receipt of these disclosures.  Moreover, MortgageIT, as a subsequent assignee of Plaintiff's loan, is liable for only those TILA violations that are evident on the face of the subject loan documents.  There is no such alleged violation in this case. Moreover, any recovery in this case would be limited to statutory damages under TILA.

As to the unfair competition claim, it is premised entirely upon the alleged TILA violation.  MortgageIT asserts that because the TILA claim would likely fail, so would the unfair competition claim.  Moreover, California Business and Professions Code Section 17200 does not provide for the recovery of damages. Plaintiff may seek to recover, at most, restitution.  In this case, any claim for restitution would be minimal at best, because MortgageIT transferred its interest in the subject loan after acquiring it from Union Fidelity and did not own the loan long enough to substantially benefit.

The settlement amount of $15,000.00 to be distributed to Plaintiff by his counsel exceeds the statutory damages limit of $4000.00 provided for under TILA.  16 U.S.C. § 1640(a)(2)(A)(iv).

4

Moreover, a settling party is entitled to an additional discount based on the mere fact that it is settling the litigation. *See Norco Delivery Service, Inc. v. Owens-Corning Fiberglass, Inc.*, 64 Cal. App. 4th 955 (1998) (affirming good faith determination after defendant settled case for $88,000, when plaintiff's alleged damages ranged from $300,000 to $1 million).

Finally, there is no evidence of fraud or collusion in the negotiation of the settlement. *See* Doc. 39-2, Chen Decl., at ¶3. Even to the extent other parties may be responsible, based on MortageIT's limited participation, the settlement is fair and reasonable.

No objections to a good faith determination have been filed.

The request for determination of good faith is GRANTED.

B.  <u>MortgageIT's Request to be Discharged from Any Claim for Liability for Contribution or Indemnification.</u>

MortgageIT also asserts that it is entitled to a bar against further contribution to or indemnification of nonsettling parties. California Code of Civil Procedure Section 877(b) states that where a release or dismissal is given in good faith to one or more tortfeasors, it shall have the effect of discharging "the party to whom it is given from all liability for any contribution to any other parties." In the settlement with Plaintiff, MortgageIT is receiving both a release and dismissal. *See* Chen Decl., ¶4, Exh. A, ¶¶ 1, 3.

In addition, California Code of Civil Procedure Section

5

877.6(c) provides that a finding of good faith settlement "shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity."  Entry of a bar against further contribution is consistent with California and federal law.  *In Franklin v. Kaypro Corporation*, 884 F.2d 1222 (1989), the Ninth Circuit approved of the practice of entering a bar order precluding non-settling defendants from further rights of contribution from the settling defendants, so long as the order also limits the non-settling defendants' actual percentage of liability to that determined at trial.  *Id*; *see also In re First Alliance Mortg. Co.*, 471 F.3d 977, 1004 (9th Cir. 2006) (noting that the bar order stated "[t]he amount of any verdict or judgment obtained against any of the Non-Settling Defendants in any litigation arising out of or relating to the [underlying allegations] shall be limited to the Non-Settling Defendants' proportionate share of liability, i.e., their actual percentage of liability for the amount of total damages determined at trial, in accordance with *Kaypro*, 884 F.2d 1222").

    Here the bar order requested by MortgageIT does not contain any language limiting the subsequent liability of the non-settling defendants.  This must be added to the order finding that the settlement is in good faith and barring further

contribution or indemnification.  Conditioned upon the addition of this language, MortgageIT's request to be discharged from any claim for liability for contribution or indemnification is GRANTED.

### IV. CONCLUSION

For the reasons stated above, MortgageIT's request for a determination that its settlement with Plaintiff was in good faith is GRANTED.

In addition, conditioned upon the addition of appropriate language limiting the subsequent liability of the non-settling defendants, MortgageIT's request to be discharged from any claim for liability for contribution or indemnification is GRANTED

MortgageIT shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service.


SO ORDERED
June 1, 2010

                                                  /s/ Oliver W. Wanger
                                                    Oliver W. Wanger
                                        United States District Judge